Joseph Barber *vs.* Mary Barber.

DECEMBER 23, 1940.

Present: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is a petition for divorce. It was granted by a justice of the superior court on the ground that the respondent had willfully deserted the petitioner for more than five years immediately prior to the filing of the petition. Thereupon the respondent duly prosecuted her bill of exceptions to this court. Such exceptions are three in number, *viz.*, to the refusal by the trial justice to permit a question to be answered by the petitioner in cross-examination; to the refusal of the trial justice to grant the respondent's motion to dismiss the petition at the conclusion of the petitioner's evidence; and to the decision in the petitioner's favor.

The facts appearing in evidence are simple. The parties were married in June 1931. At the time of the trial the respondent was about sixty-six years of age and the petitioner apparently was somewhat older. Both had been married previously and both had grown children. After their marriage they lived in petitioner's house in Cranston up to August 31, 1931, when the respondent left him, and did not return until December 1932, when the parties became reconciled. In February 1933 the respondent again left the petitioner and did not return thereafter. Since that date they have not lived together and, indeed, have seen little or nothing of each other. The petition in the instant case was dated September 13, 1939.

That the parties have not lived together since February 1933, and that the respondent left the petitioner at that time is clearly established by the evidence. She admits that she

left him as above set out, but contends that she had justification on both occasions for so doing. He maintains, however, that she had no sufficient reason or cause for her action. As justification for her conduct the respondent claims that she became ill because of unnatural sexual acts which he performed upon her. The evidence upon this point is meager, the respondent testifying merely to the fact, and without detail or explanation. The petitioner denied committing any such acts. The respondent also testified that she left the first time with his knowledge and consent, but left the second time without his knowing it.

We have considered the respondent's exception to the ruling of the trial justice whereby the petitioner was not allowed to answer a question asked him by respondent's attorney, and find that such exception is without merit. It is therefore overruled.

In support of her motion to dismiss the petition, the denial of which is the subject of her second exception, the respondent argues that the petitioner's evidence did not make out a *prima facie* case, in that the testimony of the petitioner was not corroborated and, therefore, that the ruling of the trial justice on her motion was error.

In our opinion, evidence introduced on behalf of the petitioner clearly made out against the respondent a case which she was required to meet. The petitioner's testimony was amply corroborated as to the fact that the respondent left his house in February 1933, and had not returned up to the time of the trial. In regard to the cause, if any, of the separation, it is obvious that, in the nature of things, corroborating evidence could not well be produced on this issue, as only the parties themselves were involved in what took place in that connection. In our judgment the respondent takes nothing by her exception now under consideration, and such exception is overruled.

The principal question in the case is whether or not the respondent was justified in leaving the petitioner. If she was, then willful desertion was not proved. On this point the testimony of the parties was in sharp conflict. Their credibility, therefore, was a most important consideration, and in this respect the trial justice had the advantage of seeing and hearing the parties testify. Further, it appeared in evidence that when the respondent left the petitioner in August 1931 she wrote him a communication on two sheets of paper, which were exhibits in the case. On the first sheet references were made to various domestic matters such as food, bed linen, laundry and the petitioner's clothing; on the second sheet the following was written: "I am sorry to have brought trouble to you Joe and I have nothing but a friendly feeling to you and thank you for everything, but as a married couple we are a failure I dont think either one is to blame we simply have our likes and dislikes and cannot team up. Wishing you the best of luck Mary." The respondent admitted writing the above, and gave as her reason that she then had a kindly feeling toward the petitioner because he had just given her money to go away with.

In making his decision, the trial justice referred to the evidence in the case and also discussed the said communication at some length. He doubted if the respondent would have written as she had if the petitioner had been guilty of unnatural acts toward her. The trial justice then found that the petitioner had made out his case by a preponderance of the evidence "amounting to convincing and affirmative proof". We do not disturb the decision of a trial justice in a divorce case when such decision is based on conflicting evidence unless, upon review, we find that he is clearly wrong. *Hakonson* v. *Hakonson,* 64 R. I. 276, 12 A. 2d. 215. We have considered all the evidence, including the exhibit hereinbefore referred to, and have concluded that the decision of the trial justice is supported by the weight

of the evidence and is not clearly wrong.   The respondent's exception to such decision is, therefore, overruled.

All of the respondent's exceptions are overruled and the case is remitted to the superior court for further proceedings.

*Quinn & Quinn,* for petitioner.

*Geffner & Monti,* for respondent.